UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 10-575-FJP-SCR

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, March 7, 2011.

              STEPHEN C. RIEDLINGER
              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY D. WADE (#305401)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 10-575-FJP-SCR

MAGISTRATE JUDGE'S REPORT

This case is before the court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of the complaint should be dismissed as frivolous.

**Factual Allegations**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Col. Ray Victoria, Maj. Chad Oubre, Maj. Trent Barton, David Ankenbrand, Sgt. Andrea D. Ferguson, Capt. Kenneth Harris, Sgt. Malcolm Small, Lt.Col. Eli Wilson and Lt. Cindy Vannoy. Plaintiff alleged that his constitutional rights were violated when Sgt. Ferguson assaulted him, issued him a false disciplinary report in retaliation for filing a complaint, and instructed him to send money to her father's address. Plaintiff further alleged that he was not permitted to exercise outdoors, was charged $0.44 to have his mail delivered through the prison's internal mail delivery system ("farm

mail") but the mail was not received in the warden's office, and the defendants failed to respond to his administrative appeal, all in violation of his constitutional rights.

### Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Sexual Assault**

At the *Spears* hearing the plaintiff stated that the alleged assaults consisted of sexual contacts with Sgt. Ferguson on November 12, 2008 and May 13, 2009. Plaintiff conceded that he filed another § 1983 complaint against Sgt. Ferguson and Warden Cain regarding the same alleged sexual assaults and that the claims were dismissed.

A review of the court's records showed that the plaintiff raised identical claims against Sgt. Ferguson and Warden Cain in *Troy D. Wade v. Burl N. Cain, et al*, CV 09-695-RET-CN. Judgment dismissing the plaintiff's claims against these defendants, with prejudice, was entered on February 11, 2011.

Federal law determines the res judicata effect of a prior federal court judgment. *Meza v. General Battery Corporation*, 908 F.2d 1262 (5th Cir. 1990); *Kurzweg v. Marple*, 841 F.2d 635, 639 (5th Cir. 1988); *Robinson v. National Cash Register Company*, 808 F.2d 1119, 1124 (5th Cir. 1987); *Sidag Aktiengesellschaft v. Smoked Foods Products Company*, 776 F.2d 1270, 1273 (5th Cir. 1985). Four requirements must be met in order to apply res judicata: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Meza, supra*; *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir.

1990).

Since the four res judicata requirements are met, the plaintiff's claims regarding sexual assault should be dismissed.

Even assuming the sexual assault claims were not dismissed with prejudice, the claims are nonetheless subject to dismissal.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint, as supplemented at the *Spears* hearing showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged assaults.

Plaintiff alleged that Ankenbrand knew of the alleged assaults but did nothing. At the *Spears* hearing, the plaintiff acknowledged that prison officials became aware of the alleged incident only after the plaintiff lodged a grievance.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Since it is clear that defendant Ankenbrand did not know about the alleged assaults until well after they occurred, the plaintiff has

no realistic chance of ever proving a claim against him.

**Retaliation**

Plaintiff alleged that Sgt. Ferguson issued him a false disciplinary report in retaliation for filing an administrative complaint.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a prison guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions. *Woods*, 60 F.3d at 1166.

To prevail on a claim of retaliation, a prisoner must establish four elements: (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a

5

constitutional right); *Woods*, 60 F.3d at 1166 (observing that "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299,310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris*, 449 F.3d at 684-85; *Hart*, 343 F.3d at 764.

The purpose of allowing inmates to bring retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. *De minimis acts* that would not deter an ordinary

person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*. For example, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was not. *Id*. at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271-72 (5th Cir. 2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*).

Plaintiff did not come forward with direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. Moreover, there is no suggestion that the alleged retaliatory act was more than inconsequential or *de minimis* in light of the Fifth Circuit's decision in *Morris v. Powell*.

**False Disciplinary Report**

Plaintiff alleged that defendant Sgt. Small "let" defendant Sgt. Ferguson issue him a false disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*,

7

547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

Plaintiff's allegation, accepted as true, are insufficient to rise to the level of a due process violation.

**Property**

A substantial part of the plaintiff's complaint and the *Spears* hearing related to his property claim. Plaintiff alleged that money was taken from his inmate account to pay for canteen items he did not purchase. Plaintiff further alleged that defendant Lt. Vannoy improperly charged him $0.44 to send mail through the internal prison farm mail system. Plaintiff also alleged that defendant Sgt. Ferguson ordered him to send money to her father.

At the *Spears* hearing, the plaintiff stated that he believes that defendant Sgt. Ferguson was responsible for taking $18.92 from his inmate account without his, or any other, authorization because he refused to send money to her father after the alleged sexual encounters with defendant Sgt. Ferguson.

Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his

property or for the reimbursement of its loss. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984). The losses the plaintiff alleged are the kind of random and authorized deprivations of property which do not support a constitutional violation for loss of property without due process.

**Outdoor Exercise**

Plaintiff alleged that because he was found guilty of a disciplinary infraction by defendants Maj. Barton and Maj. Oubre he was denied the opportunity to exercise outdoors.

First, the plaintiff failed to allege that he sustained any physical injury as a result of the alleged denial of outdoor exercise. 42 U.S.C. § 1997e(e).

Second, there is no constitutional right to daily or outdoor exercise. Plaintiff has a right to be free from cruel and unusual punishment, and under some circumstances lack of exercise may constitute cruel and unusual punishment. *See, Dorrough v. Hogan*, 563 F.2d 1259 (5th Cir. 1977); *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979).

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard

9

articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327 (1991).[1]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff failed to allege that he was deprived of a single identifiable human need as a result of his inability to participate in outdoor exercise.

**Failure to Respond to Administrative Appeal**

Plaintiff alleged that his First Amendment rights were violated when the defendants failed to decide an appeal filed on June 27, 2010.

The Administrative Remedy Procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491,

---

[1] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure," the requisite intent rises to "acting 'maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff failed to allege any facts regarding any detriment caused by the alleged failure to decide his appeal.

**Disclosure of Father's Address**

Plaintiff alleged that defendants Col. Victoria, Lt. Col. Wilson and Capt. Harris knew that defendant Sgt. Ferguson gave him her father's address.

11

Plaintiff's allegation that these defendants knew of the alleged wrongdoing by defendant Sgt. Ferguson does not rise to the level of a constitutional violation.

## Conclusion

Plaintiff's claims have no arguable basis in fact or in law and the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), without prejudice to any state law claim.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without prejudice to any state law claim.

Baton Rouge, Louisiana, March 7, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE